UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARVEY LEE BASS,

v.  Case No. 8:17-cr-623-VMC-CPT
    8:21-cv-1920-VMC-CPT

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court on Harvey Lee Bass's pro se 28 U.S.C. § 2255 Amended Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 10; Crim. Doc. # 166), filed on August 8, 2023. The United States of America responded on January 9, 2024. (Civ. Doc. # 15). Mr. Bass subsequently filed additional documents in support of his Motion, each of which the Court will treat as a reply. (Civ. Doc. ## 17, 21-22). For the reasons that follow, the Motion is denied.

**I.  Background**

On December 28, 2017, a grand jury indicted Mr. Bass on two counts: conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine and oxycodone, and 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) and (b)(1)(C) (Count One) and possession with intent to distribute and distribution of a

1

mixture and substance containing a detectable amount of fentanyl, furanylfentanyl, and U-47700, that resulted in the death of R.M, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count Two). (Crim. Doc. # 16). The indictment included a forfeiture provision and noted that "[t]he assets to be forfeited include . . . an order of forfeiture in the amount of proceeds obtained by the defendant as a result of the violations." (Id. at 2-3). Additionally, if the property could not be obtained, the Government would be entitled to forfeiture of substitute property. (Id. at 3-4).

On August 9, 2018, Mr. Bass pled guilty to Count One. (Crim. Doc. ## 16, 52, 55). Pursuant to the plea agreement, Count Two was dismissed. (Crim. Doc. # 52 at 3). The Government "agree[d] to consider whether [Mr. Bass's] cooperation qualifies as 'substantial assistance' . . . warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline ranges . . ., or (2) the imposition of a sentence below the statutory minimum, if any, . . . or (3) both." (Id. at 5-6).

The agreement also included a provision on forfeiture of assets. (Id. at 9-12). Among other language, it states:

> The defendant . . . agrees to waive all constitutional, statutory and procedural challenges . . . to any forfeiture caried out in accordance with this Plea Agreement on any grounds, including that the forfeiture . . . was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

(Id. at 9-10).

At the change of plea hearing, Magistrate Judge Christopher P. Tuite asked Mr. Bass, who was under oath, a series of questions regarding his guilty plea. He first ensured that Mr. Bass was not suffering from any conditions that would hinder his ability to understand the proceedings. (Crim. Doc. # 116 at 6-7). Judge Tuite verified that Mr. Bass had an opportunity to review the facts and evidence in the case with his attorney and that Mr. Bass was "fully satisfied with the advice and representation [he] [had] received from Mr. Hall." (Id. at 8). He confirmed that Mr. Bass read the plea agreement and discussed it with his attorney, then initialed every page and signed the agreement. (Id. at 8-9). Mr. Bass also confirmed that he did not disagree with the facts outlined in the agreement. (Id. at 22).

Judge Tuite summarized some key terms of the agreement, while noting that if Mr. Bass or Mr. Hall wished to review additional terms, he would be happy to do so. (Id. at 9).

Importantly, Judge Tuite noted that "[a]s set forth in paragraph nine, if [Mr. Bass's] cooperation [was] completed prior to sentencing, the government agree[d] to consider whether [his] cooperation qualifie[d] as substantial assistance under its policies warranting the filing of a motion at the time of sentencing recommending a downward departure from [his] applicable advisory guideline range or the imposition of a sentence below any statutory mandatory minimum, or both." (Id. at 11). He noted that the Government made a similar promise with respect to any substantial assistance Mr. Bass provided after his sentence. (Id.). He also confirmed that Mr. Bass understood "that whether [he had] provided substantial assistance and whether [he was] entitled to any motion and the extent of that motion are decisions that rest solely with the United States Attorney's Office for the Middle District of Florida and [he would] not be able to challenge that determination in any way." (Id. at 11-12).

Judge Tuite also directly addressed the forfeiture provision of the plea agreement, stating:

> Paragraph 12, which begins on page nine, states that you agree to forfeit to the government immediately and voluntarily any and all assets and property or portions thereof which are subject to forfeiture under the law, whether in your

4

>     possession, that of your nominees, or the government.

(Id. at 12). Mr. Bass also confirmed that he was entering the plea agreement voluntarily. (Id. at 25). After the guilty plea was accepted by the Court, the Court entered the order of forfeiture on October 24, 2018. (Crim. Doc. # 64).

A few months later, on December 6, 2018, Mr. Bass filed a motion to withdraw his guilty plea and for Mr. Hall to withdraw as Mr. Bass's counsel. (Crim. Doc. # 71). After Bryant A. Scriven was appointed as Mr. Bass's new counsel (Crim. Doc. # 77), Mr. Bass withdrew his motion to withdraw his guilty plea. (Crim. Doc. ## 84, 86).

At Mr. Bass's sentencing on March 29, 2019, both parties agreed that the forfeiture amount should be reduced from $285,000 to $240,000. (Crim. Doc. # 113 at 10-11).

Mr. Bass was sentenced to 120 months' imprisonment and 96 months of supervised release. (Crim. Doc. # 100). The Court also ordered that Mr. Bass be held liable for $240,000, the value of the proceeds of his crime. (Id. at 7). "[B]ecause the $240,000 in proceeds was dissipated by the defendant, the United States [could] seek, as a substitute asset, . . . forfeiture of any of the defendant's property up to the value of $240,000." (Id. at 7-8). On April 2, 2019, the Government

5

moved to forfeit real property as a substitute asset in partial satisfaction of Mr. Bass's $240,000 amended order of forfeiture. (Crim. Doc. # 102). The Court granted the motion on the same date. (Crim. Doc. # 103).

Mr. Bass appealed the Court's judgment, focusing on the voluntariness of and factual basis for the forfeiture provision. (Crim. Doc. # 108). The Eleventh Circuit affirmed Mr. Bass's conviction and the Court's forfeiture order. (Crim. Doc. # 131). Subsequently, Mr. Bass appealed the Court's final order of forfeiture for substitute assets. (Crim. Doc. # 152). The Eleventh Circuit dismissed this appeal for lack of jurisdiction. (Crim. Doc. # 154).

On August 6, 2021, Mr. Bass filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. # 1; Crim. Doc. # 155). On June 29, 2023, the Court struck Mr. Bass's motion because, while the motion included the standard 13-page AO 243 form, it also contained 30 pages of additional grounds. (Civ. Doc. # 7).

Mr. Bass then filed his Amended 2255 Motion. (Civ. Doc. # 10). The United States responded on January 9, 2024. (Civ. Doc. # 15). On April 22, 2024, Mr. Bass filed a letter in support of his Motion, which the Court construed as a reply. (Civ. Doc. ## 17-18). Subsequently, the Court granted Mr.

6

Bass's motion to file an additional reply based on his representations that he did not receive a copy of the United States' response. (Civ. Doc. # 20). Mr. Bass sent another letter in support of his Motion on May 31, 2024. (Civ. Doc. # 21). He later filed a supplemental reply on June 10, 2024 (Civ. Doc. # 22), as well as a notice to the Court on June 20, 2024. (Civ. Doc. # 23). Mr. Bass's Amended 2255 Motion is now ripe for review.

## II.  Legal Standard

Section 2255 states:

> A prisoner in custody under sentence of a court established by Act of Congress *claiming to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 (emphasis added). Section 2255 authorizes an attack on a sentence on four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it exceeds the maximum authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[A] district court lacks the authority to review the alleged error unless the claimed error constitutes a fundamental defect which

7

inherently results in a complete miscarriage of justice." Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (internal quotations omitted). Mr. Bass bears the burden of proving that he is entitled to relief under Section 2255. See LeCroy v. United States, 739 F.3d 1297, 1321 (11th Cir. 2014) ("[O]n a § 2255 petition, [the burden of proof] belongs to the petitioner.").

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234-35 (11th Cir. 2004). "This rule generally applies to all claims, including constitutional claims." Id. A petitioner "can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." Id. "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who

8

is actually innocent." Id. (citation and internal quotation marks omitted).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, Mr. Bass must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (citations omitted). In other words, Mr. Bass must show that "no competent counsel would have taken the action that [his] counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal quotation marks omitted).

To satisfy Strickland's second prong — prejudice — Mr. Bass must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "To establish prejudice in the context of a guilty plea, [Mr. Bass] must show that there is a 'reasonable probability that, but for counsel's unprofessional errors,' he would not have entered a guilty plea and would have insisted on going to trial." Solomon v. United States, No. 1:10-CR-376-RWS-CCH, 2012 WL 1900138, at *2 (N.D. Ga. May 2, 2012) (citation omitted), report and recommendation adopted, No. 1:10-CR-0376-RWS, 2012 WL 1900136 (N.D. Ga. May 24, 2012).

"[T]he Eleventh Circuit has held that 'a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.'" Krecht v. United States, 846 F. Supp. 2d 1268, 1279 (S.D. Fla. 2012) (quoting Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005)).

Additionally, "[i]n cases where the files and records make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing."

United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984).

### III. **Analysis**

Mr. Bass alleges thirteen grounds for relief in his Amended Section 2255 Motion. (Civ. Doc. # 10). Eleven of Mr. Bass's thirteen grounds for vacating his sentence are directed solely at the forfeiture provision of his sentence. (Id. at 6-21). Specifically, Mr. Bass contends that: (1) the standard forfeiture provision in his plea agreement did not satisfy the notice requirements of Rule 32.2 (Ground 1); (2) information he shared during his proffer was used against him to determine the value of the forfeiture when he was promised that it would not be (Ground 2); (3) neither the investigation, indictment, plea agreement, nor presentence investigation report contained any information regarding forfeiture, other than the standard language about forfeiture (Ground 3); (4) he did not knowingly and voluntarily enter into his plea agreement with regard to the forfeiture provision (Ground 4); (5) the Government improperly sought the forfeiture of substitute property (Ground 5); (6) the information supporting the forfeiture provision was not from the case-in-chief (Ground 6); (7) statements he made during negotiations of his plea agreement should not have been used

11

by the Government in determining the scope of his assets subject to forfeiture (Ground 7); (8) there was insufficient evidence to support forfeiture and he was not granted a hearing on this issue (Ground 8); (9) his counsel refused to object to the forfeiture provisions and he wished to withdraw his guilty plea prior to sentencing in order to object to the forfeiture provisions, but his counsel prohibited him from doing so (Ground 9); (10) he did not knowingly and voluntarily enter into the forfeiture provision of the plea agreement (Ground 10); and (11) he was subjected to malicious prosecution by the Government through its enforcement of the forfeiture provision (Ground 12). (Id. at 6-19, 20-21).

In Ground Eleven, Mr. Bass makes two separate assertions: first, he re-asserts his claim that his counsel refused to object to the forfeiture provisions of the plea agreement; and second, he asserts that the Court should reduce his sentence because he provided substantial assistance to the Government. (Id. at 19). In Ground Thirteen, Mr. Bass requests that the Court alter Count One of his Indictment by removing any reference to oxycodone. (Id. at 21). His Motion is timely. (Civ. Doc. # 15 at 10).

While none of these thirteen grounds directly allege that Mr. Bass received ineffective assistance of counsel, the

Court construes several of Mr. Bass's grounds as implicitly alleging this claim. Specifically, the Court construes Grounds One through Four and Ten, which attack the process through which his attorney advised him regarding the terms of the plea, and then the process in which he accepted the plea, as alleging ineffective assistance of counsel. (Civ. Doc. # 10 at 6-9). The Court additionally construes Ground Nine and part of Ground Eleven, which together allege that his counsel refused to object to the terms of the forfeiture and then forced him to withdraw his motion to withdraw his guilty plea, as alleging ineffective assistance of counsel. (Id. at 17; 19-20).

### A. **Forfeiture**

Eleven of Mr. Bass's thirteen grounds for vacating his sentence are directed at the forfeiture provision of his sentence. (Civ. Doc. # 10 at 6-21). Mr. Bass did unsuccessfully challenge the forfeiture provision of his sentence in his direct appeal, so this claim is not procedurally defaulted. (Crim. Doc. # 108, 131).

However, the Court cannot entertain Mr. Bass's challenges about forfeiture because it cannot review forfeiture orders in an action under § 2255. "Section 2255 does not provide a remedy for every alleged error in

13

conviction and sentencing." Spencer, 773 at 1138. The Eleventh Circuit has held that § 2255 only authorizes courts to take actions which lead to the "release from custody" of the prisoner. See Mamone v. United States, 559 F.3d 1209, 1210 (11th Cir. 2009) (holding that § 2255 cannot be utilized by a federal prisoner to challenge the restitution portion of his sentence). Accordingly, this Court cannot entertain claims under § 2255 which solely challenge the forfeiture provision of a prisoner's sentence. See Green v. United States, No. 2:12-cr-5-JES-CM, 2017 WL 3327588, at *2 (M.D. Fla. Aug. 2, 2017) ("Because a successful challenge to the Final Order of Forfeiture would in no part relieve petitioner from his physical confinement, § 2255 is not the proper vehicle to seek non-custodial relief that is otherwise barred."); Olivos v. United States, No. 6:12-cr-288-GAP-KRS, 2017 WL 2292973, at *3 (M.D. Fla. May 23, 2017) ("[A] challenge to forfeiture is not cognizable in a § 2255 proceeding."). In so far as Grounds One through Ten, Twelve, and part of Eleven challenge the forfeiture provision of Mr. Bass's sentence, the Motion is denied as to these grounds.

### B. Substantial Assistance

In Ground Eleven, Mr. Bass asks that this Court reduce his sentence based on the theory that he provided substantial

assistance to the United States. (Civ. Doc. # 10 at 14). The Court finds that this claim is procedurally barred because Mr. Bass did not advance this claim in his direct appeal. (Crim. Doc. # 108). Challenges in § 2255 proceedings to failures to grant sentencing downward departures that were not raised on direct appeal are procedurally defaulted. See Reascos-Renia v. United States, No. 17-12778-J, 2017 WL 6513752 (11th Cir. Oct. 4, 2017) (holding that a defendant's failure to raise on direct appeal the district court's failure to grant a downward departure due to defendant's alien status constituted procedural default). Mr. Bass's failure to raise the substantial-assistance issue on direct appeal constitutes a procedural default unless he can establish an exception to that bar.

Mr. Bass has failed to show both cause and actual prejudice for this procedural default. See Lynn, 365 F.3d at 1234-35 ("A defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error."). Mr. Bass does not make any showing regarding cause for his failure to raise this argument on appeal. Even if the cause of his default had been ineffective assistance of counsel, the appellate waiver in his plea negates his ability to collaterally attack his sentence through an

15

ineffective assistance of counsel claim. See Krecht, 846 F. Supp. 2d at 1279 ("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of council during sentencing.").

Regardless, he did not suffer actual prejudice for this failure. The Government was not required to reduce Mr. Bass's sentence based on substantial assistance. The plea agreement states:

> [T]he defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

(Crim. Doc. # 52 at 6). Based on this language, the Government had sole discretion to seek a reduction of Mr. Bass's sentence based on any assistance and had no obligation to do so. See Mitchell v. United States, No. CIV.A. 11-00379-CG, 2013 WL 6533348, at *12 (S.D. Ala. Dec. 13, 2013) ("[T]he government retains enormous discretion in deciding whether to make a § 5K1.1 motion.") (quoting United States v. Lichfield, 499 Fed. App'x 827, 832 (10th Cir. 2012)). The appellate court would

16

have lacked the authority to effectuate the downward departure sought by Mr. Bass, and he thus, did not suffer prejudice from not having raised this claim on appeal.

Lynn also provides a second exception to the procedural bar as when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." 365 F.3d at 1234-35. Mr. Bass does not advance any arguments to establish his actual innocence (Doc. ## 10, 17, 21-22), nor does the Court find any evidence of actual innocence from the record. Accordingly, the Court finds that this exception to procedural default does not apply in this instance.

Therefore, the Court must deny this claim as procedurally barred.

### C.  Altering Count One of the Indictment

In Ground Thirteen, Mr. Bass requests that the "over the counter meds," specifically oxycodone, be taken out of Count One of his Indictment because the Government learned that he was prescribed these medications during his proffer. (Civ. Doc. # 10 at 21). First, the Court finds that the claim is procedurally barred as he failed to raise it in his direct appeal. Lynn, 365 F.3d at 1234-35 (holding that defendants are barred from raising arguments in § 2255 actions that were not raised on direct appeal). Furthermore, Mr. Bass

17

acknowledges in his request that even if the Court were to grant the relief he seeks, it will not affect his sentence. (Id. at 21). As explained in regard to forfeiture, this Court's jurisdiction under § 2255 is limited to actions which lead to the "release from custody" of the prisoner. Mamone, 559 F.3d at 1210. Because the relief sought by Mr. Bass would not impact Mr. Bass's release from custody, this Court denies this claim as inappropriate under § 2255.

### D. Ineffective Assistance of Counsel

The Court additionally finds that Mr. Bass's construed claims of ineffective assistance premised on Grounds One through Four, Nine, Ten, and part of Eleven are incognizable under § 2255. As established, the Court is not able to entertain challenges to Mr. Bass's forfeiture provisions in a § 2255 action. This analysis does not change just because the relief is being requested through a claim of ineffective assistance of counsel. See Arnaiz v. Federal Satellite Low, 594 F.3d 1326, 1328-30 (11th Cir. 2010) (applying Mamone's bar on the attacking of non-custodial elements of a prisoner's punishment in habeas actions to a habeas action specifically premised on claims of ineffective assistance of counsel); Hill v. United States, No. 04-60265-CR, 2007 WL 9728453 (S.D. Fla. Dec. 10, 2007) ("[A] claim of ineffective assistance of

18

counsel for failing to challenge the amount of restitution is beyond the scope of a § 2255 proceeding."). As each of these grounds attack a non-custodial element of Mr. Bass's sentence — the forfeiture provision — the Court denies these claims as incognizable under § 2255.

### D. Evidentiary Hearing

As the Court has readily concluded that the Motion lacks merit, the Court declines to hold an evidentiary hearing on Mr. Bass's Amended § 2255 Motion. See Lagrone, 727 F.2d at 1038 (holding that courts need not hold evidentiary hearings in § 2255 actions when the lack of merit is "manifest").

## IV. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Mr. Bass has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Bass to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Bass shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

19

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Harvey Lee Bass's pro se Amended 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 10; Crim. Doc. # 166) is **DENIED.**

(2) Mr. Bass's original 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 155) is **DENIED** as moot.

(3) The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of August, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE